**UNITED STATES of America, Plaintiff,**

v.

**Jarrod L. VANDERGRIFT, Defendant.**

**Criminal No. 6:96–00100.**

United States District Court,
S.D. West Virginia,
Parkersburg Division.

Oct. 18, 1996.

Miller A. Bushong, Asst. U.S. Attorney, Charleston, WV, for plaintiff.

George J. Cosenza, Cosenza & Underwood, Parkersburg, WV, for defendant.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

On October 15, 1996 came Defendant's counsel, George J. Cosenza, and came the Government by Miller Bushong, Assistant United States Attorney, for a pretrial mo-

---

tions hearing. The Court addressed Defendant's motion to suppress, which claimed that his gym bag and its contents were searched illegally in violation of the Fourth Amendment. Two witnesses were called by the Government and both gave consistent accounts of the events surrounding the search.

Erma Holcomb and her daughter, Jamie Holcomb, lived in an apartment in Parkersburg, West Virginia. Jamie Holcomb was dating the accused, Jarrod Lee Vandergrift, who occasionally stayed at the apartment as an overnight guest. On the day in question Defendant left the Holcomb apartment, leaving his gym bag in Jamie Holcomb's bedroom. After Defendant left the apartment, Mrs. Holcomb entered her daughter's bedroom and opened Defendant's gym bag without permission. She testified she found, among other items, a pistol and a thermos-type cup with a lid on it. She opened the container and discovered five plastic bags, individually wrapped with rubber bands, each containing a yellow powder. She replaced the baggies into the cup, replaced the lid, put it back in the gym bag, zipped the bag and called the police to report her discovery of what she thought to be controlled substances. Officer Joe Allen Kuhl of the Parkersburg Police Department responded to the call. Mrs. Holcomb invited Officer Kuhl into her daughter's bedroom and showed him the gym bag. She then re-opened the gym bag and handed Officer Kuhl the thermos cup with the lid on it and instructed him to look inside the cup. Officer Kuhl removed the lid and observed the packaged powder. He then took one of the individual baggies to the Parkersburg Police Department for field testing, leaving the remaining baggies in Mrs. Holcomb's apartment. Test results revealed the powder was methamphetamine, a controlled substance.

Upon leaving Mrs. Holcomb's apartment, Officer Kuhl arranged for another police officer to secure the Holcomb residence because of Mrs. Holcomb's concern that Mr. Vandergrift would return before Officer Kuhl returned.

After the police determined the substance found in Mr. Vandergrift's gym bag was methamphetamine, a search warrant was obtained from the Honorable Robert A. Waters, state circuit judge, and the gym bag and its contents were seized.

Officer Kuhl also testified at the pretrial hearing and his testimony was consistent with Mrs. Holcomb's.

■ After hearing argument and giving due consideration to the briefs submitted by counsel, the Court found and concluded Defendant's Fourth Amendment rights were not implicated by Mrs. Holcomb's search of Mr. Vandergrift's gym bag, based on the Supreme Court's holding in *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85 (1984). The Fourth Amendment's protections are inapplicable "to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the government or with the participation or knowledge of any governmental official."

■ The Court also held that Officer Kuhl's actions did not violate the Fourth Amendment because his search did not exceed the scope of the private search. The *Jacobsen* court held: "[t]he Fourth Amendment is implicated only if the authorities use information with respect to which the expectation of privacy has not already been frustrated." *Id.* at 117, 104 S.Ct. at 1658–59. Here, Defendant's expectation of privacy was frustrated by Mrs. Holcomb's actions and not by Officer Kuhl's actions. Because Officer Kuhl's subsequent search did not exceed the scope of Mrs. Holcomb's search, the Defendant's Fourth Amendment protections were not violated.

■ Finally, the Court opined the seizure of the gym bag and the subsequent search of Mrs. Holcomb's apartment were not improper because a neutral and impartial magistrate had issued a search warrant based on the field test result, which furnished the requisite probable cause. Accordingly, the Court **DENIED** Defendant's motion to suppress.

The Court also addressed a joint motion to continue the trial. The Court **GRANTED** the motion because the requested continuance serves the ends of justice and outweighs

the best interest of the public and the Defendant in a speedy trial. Accordingly, the Court **ORDERS** the trial rescheduled for Tuesday, December 17, 1996 at 9:30 a.m. in Parkersburg. For purposes of computing time excludable pursuant to 18 U.S.C. § 3161(h), the Court finds excludable the time from October 18, 1996 through December 17, 1996.